**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GONZALO GARCIA-COLORADO, | |
| Petitioner, | Civil Action No. 25-155 (KMW) |
| v. | **OPINION** |
| WARDEN THOMPSON, FCI FORT DIX, | |
| Respondent. | |

**WILLIAMS**, District Judge:

This matter comes before the Court on the Court's screening of the habeas petition filed by Petitioner Gonzalo Garcia-Colorado pursuant to 28 U.S.C. § 2241. (ECF No. 1). This Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

I. **BACKGROUND**

Petitioner is a convicted federal prisoner currently serving a 135 month sentence for drug distribution charges at FCI Fort Dix. (ECF No. 1 at 1.) In June 2008, Petitioner was deported from the United States. (ECF No. 1-3 at 5.) Petitioner thereafter illegally re-entered the United States, apparently near Zapata, Texas. (*Id.*) In April 2018, the Government filed and served upon Petitioner a notice of their intent to reinstate his prior order of removal. (*Id.*) That document was

signed in Petitioner's name on April 9, 2018. (*Id.*) Based on this reinstated removal order, the Government is now denying Petitioner the right to apply any and all credits he has earned under the First Step Act, which Petitioner contends is improper. (ECF No. 1-1 at 1-10.) Petitioner believes his reinstated order is not sufficient to bar him from receiving credits under the Act because he does not remember receiving or signing the document and thus cannot personally authenticate it, and because he believes his prior order cannot be reinstated as it only formally expelled him from the Untied States for five years after his removal. (*Id.*) Although Petitioner believes his denial of credits is based on an order of removal with which he does not agree, Petitioner did not fully exhaust this claim – that he does not have a final order of removal – with the BOP before filing his habeas petition in this matter. (ECF No. 1 at 6.)

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In his current petition, Petitioner argues that he was improperly deprived of good time credits under the First Step Act based on his reinstated order of removal. Under the First Step Act, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good conduct credits to be applied towards early supervised release or early placement in a residential facility. *See* 18 U.S.C. § 3632(d)(4). Under the statute, however, aliens who are 'the subject of a final order of removal under any provision of the immigration laws" of the United States are "ineligible to apply time credits" towards early release. 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Here, Petitioner acknowledges that the Government has provided him with a document that states that he has been subject to a reinstated order of removal since April 2018. The reinstatement of a prior order of removal is governed by 8 U.S.C. § 1231(a)(5). Under the statute, if "the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [immigration laws], and the alien shall be removed under the prior order at any time after the reentry." § 1231(a)(5). Thus, any alien who has been removed from the United States pursuant to a final order of removal who thereafter illegally re-enters the United States is subject to having his removal order reinstated, and that order is

3

considered final as of the date of the original removal order and cannot be challenged. The statute places no timeliness requirements on the reinstatement of a prior order of removal, nor does it require that the illegal re-entry occur during the period in which the alien is lawfully excluded from the Untied States by his prior order of removal – an order may be validly reinstated as a final order of removal so long as the alien was previously ordered removed, was deported, and thereafter re-enters the country illegally. *Id.*

Petitioner readily admits that he was previously removed, does not allege that he entered the United States legally, and although he doesn't recall the exact time he received or signed the reinstated removal order, he does not specifically allege that he did not illegally re-enter the United States, instead only asserting that his illegal reentry occurred after his period of formal exclusion had ended. That his period of formal exclusion had previously ended is irrelevant. So long as he was removed, and thereafter illegally re-entered, § 1231(a)(5) makes it abundantly clear that he is subject to the reinstatement of his prior order of removal, no matter how old it may be, and that is exactly what appears to have occurred in this matter. As Petitioner is therefore subject to a facially valid final order of removal in the form of his reinstated removal order, and Petitioner has given nothing but his own lack of memory and personal inability to authenticate the document as a basis for suggesting that the document is anything but a valid order,[1] it fully appears Petitioner has been validly subjected to a reinstated order of removal and that he has therefore been properly barred from earning or applying any credits under the First Step Act. Petitioner's habeas petition is thus without merit and must be dismissed as such.

---

[1] Indeed, the Court notes that district courts sitting in habeas are generally without any jurisdiction to review the validity of any final order of removal under immigration laws. *See* 8 U.S.C. § 1252(a)(5) (a "petition for review with [the] appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal" notwithstanding the federal habeas statute).

4

Moving beyond the merits of Petitioner's claims, the Court further finds that Petitioner's failure to exhaust his claims before filing his habeas petition presents a further bar to his seeking habeas relief in this matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008).

Here, to the extent Petitioner wishes to contest the validity of his reinstated removal order, Petitioner could have raised this issue with the BOP, received their position on the issue, and established a record which would well have clearly established the provenance of the order he now wishes to challenge. The exhaustion of Petitioner's issues in this matter – that he is allegedly being improperly denied credits pursuant to an allegedly faulty removal order – would not have been futile, even if Petitioner is correct that he is unlikely to have received relief insomuch as he does appear to have a validly reinstated order of removal levied against him. As exhaustion was not futile, this Court cannot excuse Petitioner's admitted failure to exhaust his claims prior to filing his petition in this matter, and Petitioner's habeas petition must be dismissed for that reason as well.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.** An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge